**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JOHNNIE K. REGISTER, <br> #191911, <br>               Petitioner, <br><br> v. <br><br> JON OZMINT; AND HENRY <br> HENRY MCMASTER, <br> ATTORNEY GENERAL OF <br> SOUTH CAROLINA, <br>               Respondents. | CIVIL ACTION NO. 0:04-2354-HFF-BD <br><br><br><br><br> **REPORT AND RECOMMENDATION** |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed on July 14, 2004.[1]

The Respondents filed a return and motion for summary judgment on November 22, 2004. As the Petitioner is proceeding pro se, a Roseboro order was entered on November 29, 2004, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the Respondents' motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, Respondents' motion may be granted, thereby ending his case. On January 20, 2005, Petitioner filed a "traverse" and affidavit in opposition.

---

[1]Houston v. Lack, 487 U.S. 266 (1988), delivery date.



After review of the materials filed with the Court, on March 3, 2005, the undersigned directed the Respondents to clarify the record and address whether they are asserting that Petitioner failed to timely file his Petition. On April 11, 2005, Respondents filed a supplemental return and memorandum of law in support of their motion for summary judgment. After entry of a second <u>Roseboro</u> order, the Petitioner filed an affidavit and traverse in opposition to Respondents' supplemental return on May 2, 2005. After the Court entered an order requesting additional information, Respondents filed a reply memorandum on June 27, 2005, following which the Petitioner filed a supplemental response on July 14, 2005. A final supplemental response was the received from the Respondents on August 3, 2005. This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in April 1992 in Horry County for murder, criminal sexual conduct, 1st degree, kidnapping, and buggary/sodomy. (R.pp. 3721-3723). Petitioner was represented by Martin Morgan, Esquire, and Thomas Brittain, Esquire, and was tried by a jury on January 11-25, 1993. At the bifurcated death penalty trial, the jury found Petitioner guilty of all charges. However, although the jury found the existence of the aggravating circumstances of criminal sexual conduct in the first degree, kidnapping, and torture, the jury recommended a sentence of life imprisonment for the murder conviction. Petitioner was then sentenced by the trial

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondents have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



2

judge to confinement for life for murder,[3] thirty (30) years, consecutive, for criminal sexual conduct in the first degree, and five (5) years, consecutive, for buggary/sodomy. (R.p. 3726).

Petitioner timely filed a direct appeal of his conviction. Petitioner was represented on appeal by John R. McCravy, III, Esquire, and Douglas G. Borish, Esquire, who raised the following issues:

I. Did the Trial Judge err in allowing the Appellant's confession to be admitted as evidence to be considered by the jury since Appellant was denied his sixth amendment right to counsel?

II. Did the trial judge err in allowing the Appellant's confession to be admitted as evidence to be considered by the jury since Appellant invoked, but was denied his fifth amendment right to silence?

III. Did the trial judge err in allowing the Appellant's confession to be admitted as evidence to be considered by the jury since Appellant was denied due process of law?

IV. Did the trial judge err in allowing the DNA test results to be admitted as evidence to be considered by the jury since DNA testing is scientifically unreliable as a matter of law?

V. Did the trial err in allowing the DNA test results to be admitted as evidence to be considered by the jury since the DNA test results in this case were unreliable?

VI. Did the trial judge abuse his discretion by not suppressing the DNA test results nor allowing Appellant a continuance to adequately prepare his defense?

VII. Should the Appellant's conviction in the lower court be reversed due to the trial judge's errors in admitting the confession and DNA evidence?

(R.p. 2766).

---

[3]There was no separate sentence imposed for the kidnapping conviction. (R.p. 3726).



Oral arguments were heard on September 20, 1995, following which the South Carolina Supreme Court affirmed Petitioner's convictions on August 12, 1996. State v. Register, 476 S.E.2d 153 (S.C. 1996). A Petition for rehearing was filed on September 5, 1996, and was denied on September 19, 1996.

On December 17, 1996, Petitioner filed a petition for writ of certiorari in the Supreme Court of the United States.  In this petition, he raised the following issues:

I.  Whether the violation of the fifth amendment by continued police interrogation after assertion of one's right to remain silent is cured simply by the signing of a rights form?

II. Whether police deception and deceit can be so total and complete as to render a statement untrustworthy and therefore violative of the constitution if admitted at trial?

On February 18, 1997, the Supreme Court of the United States denied the petition for a writ of certiorari. Register v. South Carolina, 519 U.S. 1129 (1997).

On September 17, 1997, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. (R.pp. 2898-2926). Register v. State of South Carolina, 97-CP-26-3306.  Petitioner raised the following issues in his APCR:

(1) Newly discovered evidence;

(2) Evidence withheld or destroyed by the State;

(3) Perjured or misleading testimony;

(4) Improper statements made by the Solicitor;

(5) Ineffective assistance of trial counsel;

(6) Ineffective assistance of appellate counsel; and

(7) Improper statements made by Respondent's counsel [in Respondent's

4



> Brief].

(R.pp. 2899-2922).

Petitioner filed a First Amended APCR dated January 20, 1998; (R.pp. 2927-2956); a Second Amended Application on November 28, 2000; (R.pp. 2957-2987); and a Second Supplemental Application, also on November 28, 2000. (R.pp. 2988-3011).

Petitioner was represented in his APCR by David J. Gundling, Esquire, and an evidentiary hearing was held on Petitioner's application on November 29, 2000 through December 1, 2000. (R.pp. 3087-3659). On December 29, 2000, the PCR judge entered an order denying and dismissing the APCR in its entirety. (R.pp. 3660-3672). Petitioner filed a Notice of Motion and Motion to Vacate Order, Supplement Order, Reconsider Order, or Alter or Amend Order dated January 11, 2001; (R.pp. 3673-3708); and the PCR judge issued an Order denying Petitioner's motion to amend or alter the judgment on January 25, 2001. (R.p. 3710).

Petitioner then filed a Notice of Appeal and Petition for Writ of Certiorari. Petitioner was represented on appeal by Aileen P. Clare, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who filed a Johnson[4] petition raising the following issue:

> Was trial counsel ineffective for failing to present the testimony of alibi witnesses?

See Petition, p. 2.

On April 12, 2002, the South Carolina Supreme Court issued an Order denying the petition to be relieved and directing the parties to address the following questions:

> 1. Were trial counsel ineffective for failing to move to quash petitioner's arrest warrant where the affidavit supporting the warrant contained an

---

[4] Johnson v. State, 364 S.E.2d 201 (S.C. 1988). See also Anders v. California, 386 U.S. 738, 744 (1967).

5



> allegedly false statement concerning the conclusions produced by the DNA testing?
>
> 2. Were trial counsel ineffective for failing to move to quash petitioner's arrest warrant on probable cause grounds where the arrest warrant was supported by a visual match between petitioner's DNA and DNA extracted from crime scene evidence, but before a statistical analysis had been completed?

See Order filed on April 12, 2002.

On June 11, 2002, Petitioner filed a Petition for Writ of Certiorari addressing the Court ordered issues. The State's Return was filed on October 16, 2002, and the South Carolina Supreme Court granted certiorari in an unpublished order filed December 18, 2002. See Order filed December 18, 2002.[5] Petitioner filed his brief on March 19, 2003, following which the South Carolina Supreme Court dismissed the writ of certiorari as improvidently granted on December 1, 2003. Johnnie Kenneth Register v. State of South Carolina, Mem.Op.No. 2003-MO-073. Petitioner filed a "Pro Se Petition for Reconsideration" on December 11, 2003, and on January 8, 2004 the South Carolina Supreme Court filed a remittitur dismissing the appeal.

In his pro se Petition for Writ of Habeas Corpus filed in this Court, Petitioner raises the following grounds:

> **Ground One**: Petitioner's conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to the petitioner.
>
> **Ground Two**: Petitioner's conviction was obtained in violation of petitioner's right under the 14th Amendment to the United States Constitution when the solicitor engaged in acts of misconduct.
>
> **Ground Three**: Petitioner was denied his right under the 14th Amendment to the United States Constitution as a result of the trial Court allowing the solicitor to make

---

[5]The date of the Order (December 18, 2003) appears to be a Scrivener's error. The correct date is apparently December 18, 2002.

6



statements and comments in his closing argument that were improper and not within evidence.

**Ground Four**: Petitioner was denied effective assistance of counsel in violation of the 6th, 8th, and 14th Amendment to the united States Constitution.

**Ground Five**: Petitioner was denied effective assistance of appellate counsel, in violation of the 6th, 8th, and 14th Amendments to the United States Constitution.

**Ground Six**: Petitioner was denied due process of law under the 14th Amendment to the United States Constitution as a result of respondent counsel making statements in respondent's brief that were misleading and not supported by evidence.

**Ground Seven**: Petitioner was denied his right under the 14th Amendment to the United States Constitution as a result of jury confusion.

See Petition Attachments, pp. 5-18.

## Discussion

Respondents have moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).



7

## I.

In their supplemental memorandum, Respondents argue that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d)(1).

Here, the United States Supreme Court denied certiorari on February 18, 1997, at which time Petitioner's state court convictions became final. See Keenan v. Bagley, 400 F.3d 417 (6th Cir. 2005). By the time Petitioner filed his APCR on September 17, 1997, two hundred and ten (210) days had passed from when his convictions had become final. The period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until January 8, 2004, the date that the Remittitur was issued. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's



highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, 2000 WL 538131 at **1; Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002).

By the time Petitioner then filed this action on July 16, 2004, one hundred and eighty-eight (188) days of additional non-tolled time had accrued since the final disposition of his APCR. When the pre- and post- PCR time periods are added, three hundred and ninety-eight (398) days of non-tolled time passed from when Petitioner's period of limitations started to run on February 18, 1997, and the filing of this federal petition. Accordingly, Petitioner failed to timely file this federal petition.

Petitioner does not contest that he did not timely file his petition. Instead, Petitioner claims that the law library at the Broad River Correctional Institution (where Petitioner is housed) does not contain a copy of the Anti-terrorism and Effective Death Penalty Act (AEDPA) and, therefore, he was unaware of how to correctly calculate the period of limitations.[6] Petitioner also claims that he was told by "several other inmates" that he had a year after his APCR was final to file a federal habeas petition. Of course, ignorance of the law alone is not an excuse, although some courts have allowed equitable tolling of the statute of limitations when a prison library did not contain any information regarding the AEDPA. Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003); Brown v. Ayers, No. 99-56026, 2003 WL 21774034 at **1 (9th Cir. May 13, 2003).

---

[6]The statute of limitations at issue is set forth in the AEDPA.



9

However, while the Fourth Circuit Court of Appeals has held that AEDPA statute of limitations is subject to equitable tolling, it has underscored that equitable tolling will be permitted only in very limited circumstances. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc); Harris, 209 F.3d at 330.  A habeas petition is only entitled to equitable tolling of the statute of limitations for filing a federal habeas corpus petition if the petitioner presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, 339 F.3d at 246.  Based on the filings with this Court, the undersigned does not find that Petitioner has set forth any extraordinary circumstances such as to entitle him to equitable tolling in this case.

First, Petitioner's bare allegations of denial of access to certain documents in a law library are not sufficient, standing alone, to entitle Petitioner to equitable tolling.  Rather, Petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials. See, e.g. Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)["It is not enough to say that the [] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."], cert. denied, 525 U.S. 891 (1998); Cross-Bey v. Gammons, 322 F.3d 1012, 1015 (8th Cir. 2003) [rejecting equitable tolling where petitioner alleged lack of knowledge and legal resources], cert. denied, 540 U.S. 971 (2003); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) [recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling], cert. denied, 535 U.S. 1055 (2002). Unlike was the case in Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003), Petitioner does not claim that he was unaware of the existence of the AEDPA. To the contrary, Petitioner specifically acknowledges in his affidavit that he knew of the AEDPA, but claims that he was unable to obtain a copy of this statute,  asserting that "none of the federal habeas materials that



are contained in the law library have been updated since 2002." See <u>Petitioner's Traverse to Respondent's Supplemental Return and Memorandum in Support of Summary Judgment</u>, p. 1. However, even assuming this assertion to be true, the AEDPA was passed in 1996. While Petitioner argues that he was unaware that the time between his conviction and the filing of his APCR counted as non-tolled time, and that he thought he had one year after the dismissal of his APCR in which to file a federal habeas action, Petitioner has not shown that the law (which is clearly to the contrary) is a recent change since 2002. <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]. It is also worth noting that, although Petitioner claims the federal habeas materials in the law library have not been updated since 2002, Petitioner cites to numerous 2003 cases in his original traverse, with at least six of these 2003 cases being federal habeas cases. Furthermore, the Respondents have submitted material to show that the library at the Broad River Correctional Institution is considered a "core library", and that its publications include the relevant sections of the United States Code as well as Federal Report 3rd and Federal Supplement 2nd. Hence, the undersigned does not find Petitioner's assertion that he was unable to obtain copies of the AEDPA (which has been the law since 1996), or even that federal habeas cases after 2002 were unavailable, to be credible. Petitioner is in his present dilemma because he waited seven (7) months after the dismissal of his APCR before filing this federal habeas action, not because of any denial of access to legal materials or some other "extraordinary" circumstance beyond his control. <u>Miller</u>, 141 F.3d at 978; <u>Cross-Bey</u>, 322 F.3d at 1015; <u>Frye</u>, 273 F.3d at 1146.

       Finally, Petitioner also makes the argument that he is entitled to bring this action because he is actually innocent, and that any procedural bar should therefore be excused. However,



"a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petition must pass to have his otherwise barred constitutional claim considered on the merits." Spencer v. Murray, 5 F.3d 758, 765 (4th Cir. 1993) (citing Herrera v. Collins, 506 U.S. 390 (1993), cert. denied, 510 U.S. 1171 (1994); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) [Equitable tolling of statute of limitations applicable where prisoner is actually innocent.]; Keenan v. Bagley, 400 F.3d 417, 419 (6th Cir. 2005); Tomlin v. Franklin, 132 Fed.Appx. 745, 746-747 (10th Cir. 2005). In order to establish 'actual innocence' sufficient to excuse a procedural default, a petitioner must show that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998); Knecht v. Shannon, 132 Fed.Appx. 407, 409 (3rd Cir. 2005)(unpublished)[Finding no grounds for equitable tolling where Petitioner's "claim of actual innocence lacks the threshold requirements of 'new' evidence."] Petitioner has provided no new evidence which demonstrates his actual innocence, nor do Petitioner's arguments meet any other established criteria for consideration of equitable tolling. See (R.pp. 3660-3673); Gibson, 232 F.3d at 808 ["Equitable tolling would be appropriate…when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period"] (citations omitted); Bousley, 523 U.S. at 623-624.

       Therefore, Petitioner is not entitled to equitable tolling in this case, and he is as a consequence barred from seeking federal habeas relief. Artuz v. Bennett, supra; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998),



overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999); Andrews v. Johnson, 976 F.Supp. 527 (N.D.Tex. 1997).

## Conclusion

Based on the foregoing, the undersigned has no choice but to recommend that the Respondents' motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice, for having been filed outside the applicable statute of limitations. 28 U.S.C. § 2244(d).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 4, 2005

## Notice of Right to File Objections to Magistrate Judge's Report and Recommendation
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections. See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

14

