

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| JOHNNIE K. REGISTER,  <br>         Petitioner, | §  <br>§  <br>§ |
| vs. | § CIVIL ACTION NO.  0:04-2354-HFF-BM  <br>§ |
| JON OZMINT and HENRY MCMASTER,  <br>Attorney General of South Carolina,  <br>         Respondents. | §  <br>§  <br>§  <br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND
GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

This case was filed as a Section 2254 action. Petitioner is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (report) of the United States Magistrate Judge in which he suggests that Respondents' motion for summary judgment be granted and that the Petition be dismissed, *with prejudice*, for having been filed outside the applicable statute of limitations. The report is made in accordance with 28 U.S.C. § 636 and Local Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the report on October 4, 2005 and the Clerk of Court filed Petitioner's objections on October 13, 2005. The Court will address those objections below.

> A.   *Timeliness of Petition (Objection 1)*

Petitioner first argues that "[t]he Magistrate Judge exceeded his authority in directing . . . [R]espondents to address the issue of whether . . . [P]etitioner had timely filed his [P]etition." (Pet.'s Objs. 2.) The Court is unconvinced.

"[A habeas corpus] district court may . . . raise the limitations period when the state has failed to do so or before it has an opportunity to do so--[Fourth Circuit precedent] requires only that the court invite the petitioner to articulate a reason that the action should not be dismissed as untimely." *McMillan v. Jarvis*, 332 F.3d 244, 249 (4th Cir. 2003). Thus, since the record before the Court demonstrates that Petitioner was afforded this opportunity, the Court cannot find that the Magistrate Judge exceeded his authority by requiring Respondents to address the timeliness issue. Thus, the Court will overrule this objection.

> B.   *Equitable Tolling (Objections 2 and 3)*

Petitioner next maintains that he was prejudiced by the inadequacy of the Broad River Correctional Institution law library "in that he was denied information concerning the AEDPA statute of limitations." (Pet.'s Objs. 4.) The Court is unpersuaded.

Simply stated, Petitioner's mere allegations of inadequacy of the law library, without more, are an insufficient basis on which to survive the instant motion for summary judgment. Therefore,

for the reasons stated by the Magistrate Judge in his comprehensive and well-reasoned report, the Court will overrule these objections.

    C.    *Actual Innocence (Objection 4)*

Finally, Petitioner argues that "[t]he [M]agistrate erred in finding that [P]etitioner's actual innocence claim did not toll the statute of limitations, or otherwise lift the procedural bar." *Id*. at 5. The Court will also overrule this objection.

As observed by the Magistrate Judge, "Petitioner has provided no new evidence which demonstrates his actual innocence, nor do Petitioner's arguments meet any other established criteria for consideration of equitable tolling." (Mag.'s Rept. 12.) "Therefore, Petitioner is not entitled to equitable tolling in this case, and he is as a consequence barred from seeking federal habeas relief." *Id*.

After a thorough review of the report and the record in this case pursuant to the standards set forth above, the Court adopts the report and incorporates it herein. Therefore, it is the judgment of this Court that Respondents' motion for summary judgment must be **GRANTED** and that the Petition must be **DISMISSED**, *with prejudice*, for having been filed outside the applicable statute of limitations.

    **IT IS SO ORDERED**.

Signed this 2nd day of December, 2005, in Spartanburg, South Carolina.

                        /s/ Henry F. Floyd
                        HENRY F. FLOYD
                        UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has a right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.